Donald A. Robinson, Esq. (DR/8000)
ROBINSON & LIVELLI
Two Penn Plaza East
Newark, New Jersey 07105
(973) 690-5400

Attorney for MacDermid Printing Solutions, LLC

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| _____ : | |
| **E.I. DU PONT DE NEMOURS** : | |
| **AND COMPANY** : | |
| : | **ELECTRONICALLY FILED** |
| **Plaintiff** : | |
| : | |
| **v.** : | **Civil Action No. 06-3383 (AET) (TJB)** |
| : | |
| **MACDERMID, INC.** : | **Hon. Anne E. Thompson, U.S.D.J.** |
| : | |
| **and** : | |
| : | |
| **MACDERMID PRINTING** : | **ANSWER,** |
| **SOLUTIONS, LLC** : | **AFFIRMATIVE DEFENSES,** |
| : | **COUNTERCLAIMS AND** |
| **Defendants.** : | **DEMAND FOR JURY TRIAL** |
| _____ : | |

Defendant MacDermid Printing Solutions, LLC (MPS)[1], having a principal place

of business at 227 Freight Street, Waterbury, Connecticut 06702, responds to the plaintiff

E.I. du Pont de Nemours and Company's ("DuPont") Complaint dated April 28, 2006 as

follows:

_____

[1] On August 7, 2006, plaintiff E.I. du Pont de Nemours and Company dismissed,
without prejudice, all claims asserted against defendant MacDermid, Inc.

{W1443454;5}

## PARTIES

1.      Defendant lacks sufficient knowledge to make a determination as to the truth and veracity of the allegations contained in Paragraph 1 and, therefore, leaves Plaintiff to its proof.

2.      The allegations contained in Paragraph 2 are not directed to this defendant and, therefore, it does not respond to these allegations.

3.      Defendant admits that MPS is a limited liability corporation organized under the laws of the state of Delaware and is wholly owned by MacDermid, Inc. Defendant denies the remaining allegations in Paragraph 3.

4.      Defendant denies the allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5.      As to the allegations contained in Paragraph 5, defendant denies the portion which states: "Venue and jurisdiction are proper in Colorado since the MacDermid Defendants, acting in concert, have committed acts of infringement and/or have otherwise transacted business within this Judicial district."  The remainder of the allegations contained in Paragraph 5 are admitted.

## COUNT I

6.      Defendant admits that on January 9, 2001, United States Patent No. 6,171,758 B1 ("the '758 patent") issued in the names of Sudershan K. Bhateja, John A, Martens and Kurt F. Fell.  Defendant also admits that a copy of the '758 patent is annexed to the Complaint, dated April 28, 2006 as Exhibit A.  The remainder of the allegations contained in Paragraph 6 are denied.

7.     Defendant lacks sufficient knowledge to make a determination as to the truth and veracity of the allegations contained in Paragraph 7 and, therefore, leaves the plaintiff to its proof.

8.     Defendant denies the allegations contained in Paragraph 8.

9.     Defendant denies the allegations contained in Paragraph 9.

10.    Defendant denies the allegations contained in Paragraph 10.

11.    Defendant denies the allegations contained in Paragraph 11.

12.    Defendant denies the allegations contained in Paragraph 12.

## COUNT II

13.    Defendant incorporates its responses to Paragraphs 1 to 12 as if fully restated herein.

14.    Defendant admits that on August 10, 2004, United States Patent No. 6,773,859 B2 ("the '859 patent") issued in the names of Roxy Ni Fan, Mark A. Hackler, Anandkumar R. Kannurpatti, Adrian Lungu, and Bradley K. Taylor.  Defendant also admits that a copy of the '859 patent is annexed to the Complaint, dated April 28, 2006 as Exhibit B.  The remainder of the allegations contained in Paragraph 14 are denied.

15.    Defendant lacks sufficient knowledge to make a determination as to the truth and veracity of the allegations contained in Paragraph 15 and, therefore, leaves the plaintiff to its proof.

16.    Defendant denies the allegations contained in Paragraph 16.

17.    Defendant denies the allegations contained in Paragraph 17.

18.    Defendant denies the allegations contained in Paragraph 18.

19.    Defendant denies the allegations contained in Paragraph 19.

20.     Defendant denies the allegations contained in Paragraph 20.

## RELIEF

Defendant denies that the plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's demands for equitable relief are barred because the plaintiff has an adequate remedy at law.

### SECOND AFFIRMATIVE DEFENSE

The '758 patent is invalid under 35 U.S.C. § 102 for anticipation.

### THIRD AFFIRMATIVE DEFENSE

The '758 patent is invalid under 35 U.S.C. § 103 as obvious in view of the prior art.

### FOURTH AFFIRMATIVE DEFENSE

The '758 patent is invalid for failure to meet the requirements of 35 U.S.C. § 112.

### FIFTH AFFIRMATIVE DEFENSE

Defendant does not infringe any valid and properly construed claim of the '758 patent under 35 U.S.C. § 271 (a), (b) or (c).

### SIXTH AFFIRMATIVE DEFENSE

Defendant does not infringe any valid and properly construed claim of the '758 patent under 35 U.S.C. § 271 (b) or (c) because the flexographic printing plates and/or photopolymer products manufactured and sold by MPS are staple articles of commerce capable of substantial non-infringing use.

## SEVENTH AFFIRMATIVE DEFENSE

The '859 patent is invalid under 35 U.S.C. § 102 for anticipation.

## EIGHTH AFFIRMATIVE DEFENSE

The '859 patent is invalid under 35 U.S.C. § 103 as obvious in view of the prior art.

## NINTH AFFIRMATIVE DEFENSE

The '859 patent is invalid for failure to meet the requirements of 35 U.S.C. § 112.

## TENTH AFFIRMATIVE DEFENSE

Defendant does not infringe any valid and properly construed claim of the '859 patent under 35 U.S.C. § 271 (a), (b) or (c).

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant does not infringe any valid and properly construed claim of the '859 patent under 35 U.S.C. § 271 (b) or (c) because the flexographic printing plates and/or photopolymer products manufactured and sold by MPS are staple articles of commerce capable of substantial non-infringing use.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant is practicing the prior art disclosed and claimed in its own patents and patent applications and, therefore, cannot be found to infringe the '859 patent under the doctrine of equivalents.

## THIRTEENTH AFFIRMATIVE DEFENSE

On information and belief, the '859 patent is unenforceable as a result of fraud, inequitable conduct and/or the doctrine of unclean hands. DuPont and/or the inventors engaged in fraud and/or inequitable conduct during the prosecution of U.S. Patent

Application No. 10/085,262 (the application issuing as the '859 patent.)  DuPont and/or the inventors' fraudulent conduct includes, without limitation:

   A.  Knowingly failing to disclose material prior art, including, without limitation:

     1.  Yang, U.S. Patent No. 5,925,500.

       a.  DuPont and/or the inventors were well aware of the existence of the Yang patent and its materiality as a prior art reference in the field of flexographic printing plates yet knowingly failed to disclose the Yang patent during prosecution of Application 10/085,262.

       b.  DuPont and/or the inventors were aware of the Yang patent as early as 1997 when it was cited by DuPont when prosecuting U.S. Patent Application No. 08/886,635.  Application 08/886,635 disclosed and claimed the same subject matter, flexographic printing plates, as that disclosed and claimed in Application 10/085,262.  Further, Application 08/886,635 was prosecuted by the same DuPont patent attorney responsible for prosecuting Application 10/085,262.

       c.  Throughout 2002 and 2003, while DuPont was prosecuting Application 10/085,262, DuPont representatives, including the patent attorney prosecuting Application 10/085,262, were made aware of the Yang patent and of its potential as an invalidating prior art reference in the field of flexographic printing plates by MacDermid, Inc. and MacDermid Graphic Arts. Inc. in pleadings, legal briefs and other discussions and correspondence between the parties as part of a patent infringement action brought by DuPont against MacDermid, Inc. and

MacDermid Graphic Arts, Inc. in the United States District Court for the District of Delaware.  In this patent infringement action, DuPont alleged infringement of U.S. Patent No. 6,238,837, a patent containing claims patentably indistinct from those of Application 10/085,262.

d. In May of 2003, while prosecuting Application 10/085,262, DuPont again cited the Yang patent as prior art when prosecuting U.S. Patent Application No. 10/430,059.  Application 10/430,059 disclosed and claimed the same subject matter, flexographic printing plates, as that disclosed and claimed in Application 10/085,262.  Moreover, Application 08/430,059 is another DuPont patent application in the field of flexographic printing plates prosecuted by the same DuPont patent attorney responsible for prosecuting Application 10/085,262.

e. DuPont cited the Yang patent as invalidating prior art in the field of flexographic printing plates when doing so was to DuPont's advantage.  In March of 2003, while DuPont was prosecuting Application 10/085,262, DuPont cited the Yang patent in its efforts to oppose EP No. 1 170 121, an application filed by a competitor to DuPont in the field of flexographic printing plates.  Notably, EP 1 170 121 contains claims patentably indistinct from those of Application No 10/085,262.

f. Appreciating the significance of the Yang patent in the field of flexographic printing plates, in September of 2003, DuPont demanded

and ultimately obtained a license to the Yang patent from its current owner, MPS.

g.  Notwithstanding DuPont and the inventors' knowledge of the existence of the Yang patent and its materiality as a prior art reference in the field of flexographic printing plates and DuPont's own use of the Yang patent as an invalidating prior art reference when advantageous to do so, DuPont and/or the inventors did not disclose the Yang patent to the United States Patent Office while prosecuting Application 10/085,262.

2.      Tanizaki, EP 0 908 708

a.  DuPont and/or the inventors were well aware of the existence of Tanizaki and its materiality as a prior art reference in the field of flexographic printing plates yet knowingly failed to disclose Tanizaki during prosecution of Application 10/085,262.

b.  DuPont cited Tanizaki as invalidating prior art in the field of flexographic printing plates when doing so was to DuPont's advantage.  In March of 2003, while DuPont was prosecuting Application 10/085,262, DuPont cited Tanizaki as invalidating prior art in its efforts to oppose EP No. 1 170 121, an application filed by a competitor to DuPont in the field of flexographic printing plates. Notably, EP 1 170 121 contains claims patentably indistinct from those of Application No 10/085,262.

c. Notwithstanding DuPont and/or the inventors' knowledge of the existence of Tanizaki and its materiality as a prior art reference in the field of flexographic printing plates and DuPont's own use of Tanizaki as an invalidating prior art reference when advantageous to do so, DuPont and/or the inventors did not disclose Tanizaki to the United States Patent Office while prosecuting Application 10/085,262.

3. The Condensed Chemical Dictionary (10th edition)

a. DuPont and/or the inventors were well aware of the existence of the Dictionary and its materiality as a prior art reference in the field of flexographic printing plates yet knowingly failed to disclose the Dictionary during prosecution of Application 10/085,262.

b. DuPont cited the Dictionary as invalidating prior art in the field of flexographic printing plates when doing so was to DuPont's advantage.  In March of 2003, while DuPont was prosecuting Application 10/085,262, DuPont cited the Dictionary as invalidating prior art in its efforts to oppose EP No. 1 170 121, an application filed by a competitor to DuPont in the field of flexographic printing plates. Notably, EP 1 170 121 contains claims patentably indistinct from those of Application No 10/085,262.

c. Notwithstanding DuPont and/or the inventors' knowledge of the existence of the Dictionary and its materiality as a prior art reference in the field of flexographic printing plates and DuPont's own use of the Dictionary as an invalidating prior art reference when

advantageous to do so, DuPont and/or the inventors did not disclose the Dictionary to the United States Patent Office while prosecuting Application 10/085,262.

4.    Mengel, et al., U.S. Patent Application Publication US 2003/0211423

    a.  DuPont and/or the inventors were well aware of the existence of Mengel and its materiality as prior art in the field of flexographic printing plates as the Mengel application was being prosecuted by the same DuPont patent attorney responsible for prosecuting Application 10/085,262 and the applications had common inventors.

    b.  Notwithstanding DuPont and/or the inventors' knowledge of the existence of Mengel and its materiality as a prior art reference in the field of flexographic printing plates DuPont and/or the inventors did not disclose Mengel to the United States Patent Office while prosecuting Application 10/085,262.

B.    Knowingly failing to disclose to the Examiner who was assigned to U.S. Patent Application 10/085,262, the existence of and the material information contained in U.S. Patent Application 10/258,312.  Application 10/258,312 was well known to DuPont and/or the inventors as Application 10/258,312 was prosecuted by the same DuPont patent attorney as Application 10/085,262 and the applications had common inventors. Furthermore, Application 10/258,312 contained claims patentably indistinct from Application 10/085,262.  In addition to the existence of the application itself, other material information knowingly not disclosed by DuPont and/or the inventors includes, without limitation:

1. The Office Action, dated November 3, 2003;

2. The Protest under 37 C.F.R. § 1.291 (a) of U.S. Application Serial No. 10/258,312, dated November 13, 2003; and

3. The Office Action, dated July 1, 2004.

C.      Knowingly making materially misleading statements to the U.S. Patent Office in the Declaration Pursuant to 37 C.F.R. § 1.131 regarding the completion date of the invention claimed in Application 10/085,262.  DuPont and an inventor made these misleading statements in order to traverse a prior art reference cited by the Examiner in an Office Action dated 09/29/2003.  DuPont responded to this office action by stating that DuPont personnel had completed the invention prior to the date of the prior art reference cited by the Examiner.  Notably, DuPont misled the Examiner by failing to inform the Examiner that other undisclosed material prior art existed that would render Application 10/085,262 anticipated or obvious and for which the inventors could not claim an earlier completion date.

D.      Knowingly failing to disclose the best mode contemplated by the inventors of carrying out the alleged invention claimed in the '859 patent.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to state facts sufficient to permit recovery of treble damages against the defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to state facts sufficient to permit recovery of attorney fees against the defendant.

## COUNTERCLAIMS

MPS, for its counterclaims, asserts as follows:

## PARTIES

1.      Defendant/counterclaim plaintiff MPS is a limited liability corporation organized under the laws of the State of Delaware and maintains its corporate headquarters and principal place of business in Waterbury, Connecticut.

2.      Plaintiff/counterclaim defendant, DuPont alleges in Paragraph 1 of its Complaint that it is a corporation organized under the laws of the State of Delaware, having a regular and established place of business at 1007 Market Street, Wilmington, Delaware 19898.

## JURISDICTION AND VENUE

3.      These counterclaims seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., the Sherman Anti-trust Act, 15 U.S.C. § 1 et seq., and the Clayton Act, 15 U.S.C. § 15.

4.      This Court has jurisdiction of the claims asserted herein by virtue of 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) and § 1400(b).

## COUNT I (DECLARATORY JUDGMENT – NON-INFRINGEMENT)

6.      The allegations set forth in Paragraphs 1 through 5 are hereby incorporated by reference as if fully set forth herein.

7.      On January 9, 2001, the United States Patent and Trademark Office issued U.S. Patent Number 6,171,758 B1, entitled "Dimensionally Stable Flexographic Printing Plates" ("the '758 patent").

8.      On information and belief, DuPont is the owner, by assignment or otherwise, of the '758 patent.

9.      Defendant MPS is in the business of manufacturing and selling flexographic printing plates.

10.     DuPont has claimed that MPS has "manufactured, used, offered for sale and sold flexographic printing elements (including products marketed under the names Magma and MLT)" that infringe one or more claims of the '758 patent.

11.     DuPont has also claimed that MPS has "knowingly and actively encouraged, aided and abetted others to directly infringe one or more claims of the '758 patent through the manufacture, use, sale, offers to sell, advertisement and/or promotion of flexographic printing elements (including products marketed under the names Magma and MLT) and processing equipment to thermally treat, process or develop flexographic printing elements (including equipment marketed under the name LAVA)."

12.     Defendant does not infringe the '758 patent through the manufacture, use, offer for sale, sale, advertisement or promotion of flexographic printing elements either directly or by inducement.

13.     Defendant is entitled to a declaratory judgment that it does not infringe the '758 patent.

## <u>COUNT II (DECLARATORY JUDGMENT – NON-INFRINGEMENT)</u>

14.     The allegations set forth in Paragraphs 1 through 13 are hereby incorporated by reference as if fully set forth herein.

15.     On August 10, 2004, the United States Patent and Trademark Office issued U.S. Patent Number 6,773,859 B2, entitled "Process for Making a Flexographic Printing Plate and a Photosensitive Element for Use in the Process" ("the '859 patent").

16.     On information and belief, DuPont is the owner, by assignment or otherwise, of the '859 patent.

17.     Defendant MPS is in the business of manufacturing and selling flexographic printing plates.

18.     DuPont has claimed that MPS has "manufactured, used, offered for sale and sold flexographic printing elements (including products marketed under the names Magma and MLT) to be used, treated, processed or developed in a manner" that infringe one or more claims of the '859 patent.

19.     DuPont has also claimed that MPS has "knowingly and actively encouraged, aided and abetted others to directly infringe one or more claims of the '859 patent through the manufacture, use, sale, offers to sell, advertisement and/or promotion of flexographic printing elements (including products marketed under the names Magma and MLT) and processing equipment to thermally treat, process or develop flexographic printing plates (including equipment marketed under the name LAVA)."

20.     Defendant does not infringe the '859 patent through the manufacture, use, offer for sale, sale, advertisement or promotion of flexographic printing elements either directly or by inducement.

21.     Defendant is entitled to a declaratory judgment that it does not infringe the '859 patent.

## COUNT III (DECLARATORY JUDGMENT – PATENT INVALIDITY)

22.     The allegations set forth in Paragraphs 1 through 21 are hereby incorporated by reference as if fully set forth herein.

23.     Defendant contends that the '758 patent is invalid because it fails to meet one or more of the requirements of validity as stated in 35 U.S.C. §§ 102, 103 and/or 112.

24.     Defendant is entitled to a declaratory judgment that the '758 patent is invalid.

## COUNT IV (DECLARATORY JUDGMENT – PATENT INVALIDITY)

25.     The allegations set forth in Paragraphs 1 through 24 are hereby incorporated by reference as if fully set forth herein.

26.     Defendant contends that the '859 patent is invalid because it fails to meet one or more of the requirements of validity as stated in 35 U.S.C. §§ 102, 103 and/or 112.

27.     Defendant is entitled to a declaratory judgment that the '859 patent is invalid.

## COUNT V (DECLARATORY JUDGMENT – PATENT UNENFORCEABILITY)

28.     The allegations set forth in Paragraphs 1 through 27 are hereby incorporated by reference as if fully set forth herein.

29.     On information and belief, Defendant contends that the '859 patent is unenforceable as a result of fraud, inequitable conduct and/or the doctrine of unclean hands.  DuPont and/or the inventors engaged in fraud and/or inequitable conduct during

the prosecution of U.S. Application No. 10/085,262 (the application issuing as the '859 patent) by knowingly failing to disclose material prior art, including, without limitation:

    1.  Yang, U.S. Patent No. 5,925,500.

      a.  DuPont and/or the inventors were well aware of the existence of the Yang patent and its materiality as a prior art reference in the field of flexographic printing plates yet knowingly failed to disclose the Yang patent during prosecution of Application 10/085,262.

      b.  DuPont and/or the inventors were aware of the Yang patent as early as 1997 when it was cited by DuPont when prosecuting U.S. Patent Application No. 08/886,635.  Application 08/886,635 disclosed and claimed the same subject matter, flexographic printing plates, as that disclosed and claimed in Application 10/085,262.  Further, Application 08/886,635 was prosecuted by the same DuPont patent attorney responsible for prosecuting Application 10/085,262.

      c.  Throughout 2002 and 2003, while DuPont was prosecuting Application 10/085,262, DuPont representatives, including the patent attorney prosecuting Application 10/085,262, were made aware of the Yang patent and of its potential as an invalidating prior art reference in the field of flexographic printing plates by MacDermid, Inc. and MacDermid Graphic Arts. Inc. in pleadings, legal briefs and other discussions and correspondence between the parties as part of a patent infringement action brought by DuPont against MacDermid, Inc. and MacDermid Graphic Arts, Inc. in the United States District Court for the District of

Delaware.  In this patent infringement action, DuPont alleged

infringement of U.S. Patent No. 6,238,837, a patent containing claims

patentably indistinct from those of Application 10/085,262.

d.  In May of 2003, while prosecuting Application 10/085,262, DuPont

again cited the Yang patent as prior art when prosecuting U.S. Patent

Application No. 10/430,059.  Application 10/430,059 disclosed and

claimed the same subject matter, flexographic printing plates, as that

disclosed and claimed in Application 10/085,262.  Moreover,

Application 08/430,059 is another DuPont patent application in the field

of flexographic printing plates prosecuted by the same DuPont patent

attorney responsible for prosecuting Application 10/085,262.

e.  DuPont cited the Yang patent as invalidating prior art in the field of

flexographic printing plates when doing so was to DuPont's advantage.

In March of 2003, while DuPont was prosecuting Application

10/085,262, DuPont cited the Yang patent in its efforts to oppose EP No.

1 170 121, an application filed by a competitor to DuPont in the field of

flexographic printing plates.  Notably, EP 1 170 121 contains claims

patentably indistinct from those of Application No 10/085,262.

f.  Appreciating the significance of the Yang patent in the field of

flexographic printing plates, in September of 2003, DuPont demanded

and ultimately obtained a license to the Yang patent from its current

owner, MPS.

g. Notwithstanding DuPont and the inventors' knowledge of the existence of the Yang patent and its materiality as a prior art reference in the field of flexographic printing plates and DuPont's own use of the Yang patent as an invalidating prior art reference when advantageous to do so, DuPont and/or the inventors did not disclose the Yang patent to the United States Patent Office while prosecuting Application 10/085,262.

2. Tanizaki, EP 0 908 708

a. DuPont and/or the inventors were well aware of the existence of Tanizaki and its materiality as a prior art reference in the field of flexographic printing plates yet knowingly failed to disclose Tanizaki during prosecution of Application 10/085,262.

b. DuPont cited Tanizaki as invalidating prior art in the field of flexographic printing plates when doing so was to DuPont's advantage. In March of 2003, while DuPont was prosecuting Application 10/085,262, DuPont cited Tanizaki as invalidating prior art in its efforts to oppose EP No. 1 170 121, an application filed by a competitor to DuPont in the field of flexographic printing plates. Notably, EP 1 170 121 contains claims patentably indistinct from those of Application No 10/085,262.

c. Notwithstanding DuPont and/or the inventors' knowledge of the existence of Tanizaki and its materiality as a prior art reference in the field of flexographic printing plates and DuPont's own use of Tanizaki as an invalidating prior art reference when advantageous to do so, DuPont

and/or the inventors did not disclose Tanizaki to the United States Patent

Office while prosecuting Application 10/085,262.

3.  The Condensed Chemical Dictionary (10th edition)

  a.  DuPont and/or the inventors were well aware of the existence of the

Dictionary and its materiality as a prior art reference in the field of

flexographic printing plates yet knowingly failed to disclose the

Dictionary during prosecution of Application 10/085,262.

  b.  DuPont cited the Dictionary as invalidating prior art in the field of

flexographic printing plates when doing so was to DuPont's advantage.

In March of 2003, while DuPont was prosecuting Application

10/085,262, DuPont cited the Dictionary as invalidating prior art in its

efforts to oppose EP No. 1 170 121, an application filed by a competitor

to DuPont in the field of flexographic printing plates.  Notably, EP 1 170

121 contains claims patentably indistinct from those of Application No.

10/085,262.

   c.  c.  Notwithstanding DuPont and/or the inventors' knowledge of the

existence of the Dictionary and its materiality as a prior art reference

in the field of flexographic printing plates and DuPont's own use of

the Dictionary as an invalidating prior art reference when

advantageous to do so, DuPont and/or the inventors did not disclose

the Dictionary to the United States Patent Office while prosecuting

Application 10/085,262.

4.  Mengel, et al., U.S. Patent Application Publication US 2003/0211423

a. DuPont and/or the inventors were well aware of the existence of Mengel and its materiality as prior art in the field of flexographic printing plates as the Mengel application was being prosecuted by the same DuPont patent attorney responsible for prosecuting Application 10/085,262 and the applications had common inventors.

b. Notwithstanding DuPont and/or the inventors' knowledge of the existence of Mengel and its materiality as a prior art reference in the field of flexographic printing plates DuPont and/or the inventors did not disclose Mengel to the United States Patent Office while prosecuting Application 10/085,262.

30.   On information and belief, DuPont and/or the inventors engaged in fraud and/or inequitable conduct during the prosecution of U.S. Application 10/085,262 (the application issuing as the '859 patent) by knowingly failing to disclose to the Examiner who was assigned to U.S. Patent Application 10/085,262, the existence of and the material information contained in U.S. Patent Application 10/258,312.  Application 10/258,312 was well known to DuPont and/or the inventors as Application 10/258,312 was prosecuted by the same DuPont patent attorney as Application 10/085,262 and the applications had common inventors.  Furthermore, Application 10/085,262 contained claims patentably indistinct from Application 10/085,262.  In addition to the existence of the application itself, other material information knowingly not disclosed by DuPont and/or the inventors includes, without limitation:

1.   The Office Action, dated November 3, 2003;

2.   The Protest under 37 C.F.R. § 1.291 (a) of U.S. Application Serial No.

10/258,312, dated November 13, 2003; and

3.   The Office Action, dated July 1, 2004.

31.     On information and belief, DuPont and/or the inventors engaged in fraud and/or inequitable conduct during the prosecution of U.S. Application 10/085,262 (the application issuing as the '859 patent) by knowingly making materially misleading statements to the U.S. Patent Office in the Declaration Pursuant to 37 C.F.R. § 1.131 regarding the completion date of the invention claimed in Application 10/085,262. DuPont and an inventor made these misleading statements in order to traverse a prior art reference cited by the Examiner in an Office Action dated 09/29/2003.  DuPont responded to this office action by stating that DuPont personnel had completed the invention prior to the date of the prior art reference cited by the Examiner.  Notably, DuPont misled the Examiner by failing to inform the Examiner that other undisclosed material prior art existed that would render Application 10/085,262 anticipated or obvious and for which the inventors could not claim an earlier completion date.

32.     On information and belief, DuPont and/or the inventors engaged in fraud and/or inequitable conduct during the prosecution of U.S. Application 10/085,262 (the application issuing as the '859 patent) by knowingly failing to disclose the best mode contemplated by the inventors of carrying out the alleged invention claimed in the '859 patent.

33.     Defendant is entitled to a declaratory judgment that the '859 patent is unenforceable against the defendant.

## COUNT VI (SHERMAN ANTI-TRUST ACT)

34.     The allegations set forth in Paragraphs 1 through 33 are hereby incorporated by reference as if fully set forth herein.

35.     On information and belief, DuPont seeks to enforce a fraudulently procured patent to gain monopoly power in the relevant market for flexographic printing plates in the United States.

36.     On information and belief, DuPont and/or the inventors obtained the '859 patent by knowingly and/or willfully concealing certain material facts from the U.S. Patent and Trademark Office.  DuPont and/or the inventor's fraudulent conduct includes, without limitation:

A.     Knowingly failing to disclose material prior art during the prosecution of Application 10/085,262 (the application issuing as the '859 patent), including, without limitation:

1.   Yang, U.S. Patent No. 5,925,500;

2.   Tanizaki, EP 0 908 708;

3.   The Condensed Chemical Dictionary (10th edition); and

4.   Mengel, et al., U.S. Patent Application Publication US 2003/0211423; and

B.     Knowingly failing to disclose to the Examiner who was assigned to U.S. Patent Application 10/085,262, the existence of and the material information contained in U.S. Patent Application 10/258,312.  Application 10/258,312 was well known to DuPont and/or the inventors as Application 10/258,312 was prosecuted by the same DuPont patent attorney as Application 10/085,262 and the applications had common inventors.

Furthermore, Application 10/085,262 contained claims patentably indistinct from Application 10/085,262.  In addition to the existence of the application itself, other material information knowingly not disclosed by DuPont and/or the inventors includes, without limitation:

1. The Office Action, dated November 3, 2003;

2. The Protest under 37 C.F.R. § 1.291 (a) of U.S. Application Serial No. 10/258,312, dated November 13, 2003; and

3. The Office Action, dated July 1, 2004.

C.      Knowingly making materially misleading statements to the U.S. Patent Office in the Declaration Pursuant to 37 C.F.R. § 1.131 regarding the completion date of the invention claimed in Application 10/085,262.  DuPont and an inventor made these misleading statements in order to traverse a prior art reference cited by the Examiner in an Office Action dated 09/29/2003.  DuPont responded to this office action by stating that DuPont personnel had completed the invention prior to the date of the prior art reference cited by the Examiner.  Notably, DuPont misled the Examiner by failing to inform the Examiner that other undisclosed material prior art existed that would render Application 10/085,262 anticipated or obvious and for which the inventors could not claim an earlier completion date.

D.      Knowingly failing to disclose the best mode contemplated by the inventors of carrying out the alleged invention claimed in the '859 patent.

37.      On information and belief, DuPont and/or the inventors engaged in such fraudulent conduct with the intent of misleading the U.S. Patent and Trademark Office and causing it to issue the '859 patent.

38.     As a result of their fraudulent conduct, the U.S. Patent and Trademark Office did issue the '859 patent.

39.     DuPont knows or should know that the '859 patent is unenforceable because it was obtained through the inequitable conduct.

40.     DuPont knows or should know that MPS is practicing the prior art disclosed in its own patents and patent applications and does not infringe the '859 patent.

41.     DuPont knows or should know that the '859 patent is invalid.

42.     DuPont knows or should know that the '758 patent is not infringed and/or not invalid.

43.     DuPont's infringement action is a mere sham to cover what is actually no more that an attempt to interfere with MPS's existing and/or potential business relationships.

44.     DuPont has used and continues to use the patents to violate 15 U.S.C. § 2 of the Sherman Anti-Trust Act by illegally attempting to monopolize the market for flexographic printing plates in the United States.

45.     DuPont's anti-competitive conduct is intended to monopolize the relevant market and there exists a dangerous possibility of achieving such a monopoly to the detriment of the defendant and others in the market.

46.     As a direct consequence of DuPont's unlawful assertion of a fraudulently procured patent and its anti-competitive conduct, the defendant has suffered harm, including monetary loss and injury to its business, customer relationships and business reputation.

47.     In light of the foregoing, a judgment should enter in favor of the defendant against DuPont with an award of damages, including threefold damages, punitive damages, costs, attorney fees and such other and further relief as may available in law or equity or as this Court deems just and proper.

## COUNT VII (SHERMAN ANTI-TRUST ACT)

48.     The allegations set forth in Paragraphs 1 through 47 are hereby incorporated by reference as if fully set forth herein.

49.     For several years DuPont has engaged in an unlawful attempt to secure and maintain a monopoly and/or has attempted to monopolize the relevant market for digitally laser imaged flexographic printing plates, including thermally developed digitally laser imaged flexographic printing plates, in the United States in violation of Section 2 of the Sherman Act (15 U.S.C. §2).

50.     DuPont has attempted to monopolize the relevant market and/or has obtained and protected its monopoly power with a pattern and practice of anticompetitive conduct.

51.     Specifically, DuPont holds certain patents in the relevant market for digitally laser imaged flexographic printing plates, including thermally developed digitally laser imaged flexographic printing plates, within the geographic market of the United States.

52.     Within these patents, DuPont has engaged in a pattern and practice of claiming, as part of its invention, photopolymer plates while at the same time failing to disclose the composition of those photopolymer plates.  Instead of fully disclosing its claimed invention in exchange for acquiring a statutory time limited monopoly, DuPont

only discloses DuPont's commercial names of its photopolymer printing plates without ever disclosing their composition.

53.      In consistently and willfully failing to disclose the composition of the photopolymer plates and the best mode for practicing the claimed inventions, those wishing to practice the claimed patented inventions at the expiration of the patent term are prevented from doing so.

54.      Moreover, because DuPont's course of conduct in failing to disclose the composition of the photopolymer printing plate in its patents within the relevant market and instead directing those wishing to practice the claimed invention to its products, competitors and customers are forced to purchase photopolymer printing plates from DuPont even after the expiration of its patents.

55.      Upon information and belief, DuPont has willfully and intentionally engaged in such conduct in an attempt to unlawfully extend the terms of its patents within the relevant market and thereby unlawfully continued to acquire and maintain its monopoly power.

56.      DuPont has and/or will continue to improperly extend the statutory term of its patents in the manner described above in an attempt to prevent competitors, such as the defendant, from competing in the relevant market.

57.       As a result of DuPont's anticompetitive course of conduct and violations set forth above, DuPont has monopolized and/or attempted to monopolize the relevant market.

58.      DuPont has gained monopoly power or has come dangerously close to acquiring monopoly power in the relevant market.

59.     On information and belief, DuPont's anticompetitive course of conduct was undertaken with the specific intent of inhibiting competition, controlling prices and creating and maintaining DuPont's monopoly in the relevant market.

60.      DuPont's willful anticompetitive course of conduct demonstrates a specific intent to achieve monopoly power and DuPont's share of the relevant market is so dominant and it has the power to exclude and/or restrain competition through the wrongful extension of its monopoly, that there exists a dangerous probability of DuPont's monopolization of the relevant market.

61.     DuPont's monopolization is not the result of superior business acumen or simple good fortune.  Rather, DuPont's durable monopoly position in the relevant market has resulted from a continuing course of anti-competitive conduct.

62.     DuPont's anti-competitive actions in violation of Section 2 of the Sherman Act, as alleged above, has proximately caused injury to the defendant by diverting sales from the defendant to DuPont, and inhibiting the defendant from effectively competing in the relevant market.  As a result, the defendant has suffered damages to its business or property including through the loss of past, present and future profits, and by loss of customers and potential customers.

63.     The same unlawful anticompetitive course of conduct by DuPont, as set forth above, has wrongfully suppressed competition in the relevant market.

64.     In light of the foregoing, a judgment should enter in favor of the defendant against DuPont with an award of damages, including threefold damages, punitive damages, costs, attorney fees, an order that DuPont cease and desist its anticompetitive

conduct and such other and further relief as may available in law or equity or as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, the defendant MPS respectfully requests that this Court:

1.    dismiss with prejudice the plaintiff's complaint;

2.    enter a declaratory judgment that the defendant does not infringe the '758 patent;

3.    enter a declaratory judgment that the defendant does not infringe the '859 patent;

4.    enter a declaratory judgment that the '785 patent is invalid;

5.    enter a declaratory judgment that the '859 patent is invalid;

6.    enter a declaratory judgment that the '859 patent is unenforceable against the defendant;

7.    award the defendant monetary relief, including compensatory and punitive damages;

8.    award the defendant threefold damages, the cost of suit, reasonable attorney fees and prejudgment interest pursuant to the Clayton Act, § 4, 15 U.S.C. § 15;

9.    enter an order that DuPont cease and desist its anticompetitive conduct;

10.    declare this case exceptional under 35 U.S.C. § 285 and award the defendant reasonable attorney fees; and

11.   award the defendant such other and further relief as the Court may

deem just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant/counterclaim plaintiff demands a trial by jury of all

plaintiff/counterclaim defendant's claims and defendant/counterclaim plaintiff's defenses

and counterclaims that are so triable.

Dated: August 18, 2006

_____s/*Donald A. Robinson*_____
Donald A. Robinson
ROBINSON & LIVELLI
Two Penn Plaza East
Newark, New Jersey 07105

Attorneys for MacDermid Printing
Solutions, LLC

Of Counsel:

James K. Robertson, Jr., Esq.
John R. Horvak, Jr., Esq.
Fatima Lahnin, Esq.
James Mahanna, Esq.
Carmody & Torrance, LLP
50 Leavenworth Street
Waterbury, CT 06702
Telephone: 203-573-1200

## CERTIFICATE PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other

action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  August 18, 2006

_____s/*Donald A. Robinson* _____
          Donald A. Robinson
          ROBINSON & LIVELLI
          Two Penn Plaza East
          Newark, New Jersey 07105

          Attorneys for MacDermid Printing
          Solutions, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 18th day of August 2006, a true and correct copy of the

Answer, Affirmative Defenses, Counterclaims and Demand For Jury Trial was served

upon counsel for plaintiff via the Court's ECF System and via e-mail to the counsel listed

below:

| | |
|---|---|
| John S. Phillips, Esq. | John T. Gallagher, Esq. |
| Bartlit Beck Herman Palenchar | Morgan & Finnegan, LLP |
|   & Scott LLP | 3 World Financial Trade Center |
| 1899 Wynkoopp Street, 8th Fl. | New York, NY 10281 |
| Denver, Co. 80202 | **jgallagher@morganfinnegan.com** |
| john.phillips@bartlet-beck.com | |

_____s/*Donald A. Robinson*_____
Donald A. Robinson
