Richard D. Catenacci
Tricia Bevelock O'Reilly
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 535-0500
Facsimile: (973)535-9217

Attorneys for Plaintiff,
E.I. du Pont de Nemours and Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MACDERMID PRINTING SOLUTIONS, L.L.C.,<br><br>Defendant. | Civil Action No. 06-3383 MLC/TJB<br><br>**DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT

Plaintiff, E.I. du Pont de Nemours and Company ("DuPont"), for its Amended Complaint against Defendant MacDermid Printing Solutions, L.L.C. ("MacDermid"), alleges and states as follows:

### PARTIES

1. Plaintiff DuPont is a corporation organized under the laws of the State of Delaware, having a regular and established place of business at 1007 Market Street, Wilmington, Delaware 19898.

2. Upon information and belief, Defendant MacDermid Printing Solutions, L.L.C. is a limited liability corporation organized under the laws of the State of Delaware and is wholly

owned by, and is under the corporate management and control of, MacDermid, Inc. MacDermid Printing Solutions is one of two "business groups" or "business segments" of MacDermid, Inc.

3. Upon information and belief, MacDermid has regularly, continuously and systematically transacted business in New Jersey by promoting, advertising, distributing, offering for sale, selling, causing to be used and otherwise supplying flexographic printing elements to customers within this Judicial District and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This action arises under the United States Patent Laws, 35 U.S.C. §§ 271 and 281-285. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), and 1367(a). Venue is proper in this Judicial District under 28 U.S.C. §1391(b) and (c) and § 1400(b). Venue and jurisdiction are proper in New Jersey since MacDermid has committed acts of infringement and/or has otherwise transacted business within this Judicial District.

## COUNT I

5. On January 9, 2001, United States Patent No. 6,171,758 B1 ("the '758 patent"), a copy of which is annexed hereto as Exhibit A, was duly and legally issued in the names of Sudershan K. Bhateja, John A. Martens and Kurt F. Feil for an invention entitled "Dimensionally Stable Flexographic Printing Plates."

6. Plaintiff DuPont is the lawful owner of all right, title and interest in the '758 patent with the right to bring actions for infringement.

7. Upon information and belief, MacDermid has manufactured, used, offered for sale and sold flexographic printing elements (including products marketed under the names Magma and MLT) that directly infringe one or more claims of the '758 patent without authority or license from Plaintiff DuPont. Accordingly, pursuant to 35 U.S.C. § 271(a), MacDermid has directly infringed and continues to directly infringe one or more claims of the '758 patent.

8. Upon information and belief, MacDermid has knowingly and actively encouraged, aided and abetted others to directly infringe one or more claims of the '758 patent through the manufacture, use, sale, offers to sell, advertisement and/or promotion of flexographic printing elements (including products marketed under the names Magma and MLT) and processing equipment to thermally treat, process or develop flexographic printing elements (including equipment marketed under the name LAVA), without authority or license from Plaintiff DuPont. Accordingly, pursuant to 35 U.S.C. § 271(b), MacDermid has actively induced and continues to actively induce infringement of one or more claims of the '758 patent.

9. Plaintiff DuPont has been damaged and continues to suffer damages resulting from MacDermid's direct and/or induced infringement of the '758 patent pursuant to 35 U.S.C. § 284. Plaintiff DuPont will suffer additional and irreparable harm unless this Court enjoins MacDermid pursuant to 35 U.S.C. § 283.

10. Plaintiff DuPont has no adequate remedy at law.

11. Upon information and belief, the acts of infringement of the '758 patent by MacDermid have been carried out deliberately and willfully, and with knowledge of the '758 patent, entitling Plaintiff DuPont to an assessment of treble damages pursuant to 35 U.S.C.

§ 284. This is an exceptional case entitling Plaintiff DuPont to its attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II

12. Plaintiff DuPont realleges and incorporates by reference the allegations contained in Paragraphs 1-11.

13. On August 10, 2004, United States Patent No. 6,773,859 B2 ("the '859 patent"), a copy of which is annexed hereto as Exhibit B, was duly and legally issued in the names of Roxy Ni Fan, Mark A. Hackler, Anandkumar R. Kannurpatti, Adrian Lungu and Bradley K. Taylor for an invention entitled "Process For Making A Flexographic Printing Plate And A Photosensitive Element For Use In The Process."

14. Plaintiff DuPont is the lawful owner of all right, title and interest in the '859 patent with the right to bring actions for infringement.

15. Upon information and belief, MacDermid has manufactured, used, offered for sale and sold flexographic printing elements (including products marketed under the names Magma and MLT) to be used, treated, processed or developed in a manner that directly infringes one or more claims of the '859 patent without authority or license from Plaintiff DuPont.

16. Upon information and belief, MacDermid has knowingly and actively encouraged, aided and abetted others to directly infringe one or more claims of the '859 patent through the manufacture, use, sale, offers to sell, advertisement and/or promotion of flexographic printing elements (including products marketed under the names Magma and MLT) and processing equipment to thermally treat, process or develop flexographic printing plates (including equipment marketed under the name LAVA), without authority or license from

Plaintiff DuPont. Accordingly, pursuant to 35 U.S.C. § 271(b), MacDermid has actively induced and continues to actively induce infringement of one or more claims of the '859 patent.

17. Plaintiff DuPont has been damaged and continues to suffer damages resulting from MacDermid actively inducing infringement of the '859 patent pursuant to 35 U.S.C. § 284. Plaintiff DuPont will suffer additional and irreparable harm unless this Court enjoins MacDermid pursuant to 35 U.S.C. § 283.

18. Plaintiff DuPont has no adequate remedy at law.

19. On information and belief, the acts of infringement of the '859 patent by MacDermid have been carried out deliberately and willfully, and with knowledge of the '859 patent, entitling Plaintiff DuPont to an assessment of treble damages pursuant to 35 U.S.C. § 284. This is an exceptional case entitling Plaintiff DuPont to its attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT III (LIBEL)

20. DuPont realleges and incorporates by reference the allegations contained in Paragraphs 1-19.

21. Upon information and belief, MacDermid has written communications in the form of letters to DuPont's customers with the false claim that DuPont has made "threatening communications" to its own customers. In one letter that was sent to at least one DuPont customer, MacDermid stated: "MacDermid understands that you are interested in purchasing MacDermid's LAVA equipment but have received threatening communications regarding this purchase and U.S. Patents No. 6,171,758 & 6,773,859 (the "'758" and "'859" Patents)." On

information and belief, MacDermid has made this publication to other DuPont customers, as well.

22. The patents referenced in MacDermid's letter are the same DuPont patents asserted in this action. The LAVA processing equipment referenced is used to thermally treat, process or develop flexographic printing elements (including products marketed by MacDermid under the names Magma and MLT) and infringes one or more claims of DuPont's asserted patents. DuPont also markets equipment to thermally treat, process or develop DuPont's digital flexographic printing plates or elements. In light these facts, known to both MacDermid and DuPont's customers, the clear meaning of the letter is that MacDermid is stating that DuPont is making "threatening communications" to its own customers who consider using or switching to MacDermid's infringing technology.

23. DuPont has made no such "threatening communications" to its customers. MacDermid's statement that DuPont has made such communications is false and defamatory.

24. MacDermid's statement tends to disgrace DuPont in the eyes of its customers by implying that DuPont has sent "threatening communications" to its own customers if they are considering MacDermid's infringing technology. The statement also causes customers to lose confidence in DuPont and adversely affects DuPont's good will and reputation. The statement further maligns DuPont's business of selling flexographic printing plates and technology by undermining its strong customer relationships built on mutual trust and support, and by lowering the estimation of DuPont in the eyes of its customers.

25. DuPont's customers who were the target of the defamatory publication understood its defamatory character, and injury to DuPont's reputation and trade has occurred.

## RELIEF

**WHEREFORE**, Plaintiff DuPont demands judgment against MacDermid Printing Solutions, L.L.C. and respectfully prays that this Court enter orders that:

(a) Declare that MacDermid Printing Solutions' manufacture, use, offers to sell and/or sale of flexographic printing elements (including products marketed under the names Magma and MLT) as complained of in Count I constitutes direct infringement of United States Patent No. 6,171,758 B1;

(b) Declare that MacDermid Printing Solutions' manufacture, use, offers to sell and/or sale of flexographic printing elements (including products marketed under the names Magma and MLT) as complained of in Count I constitutes active inducement of infringement of United States Patent No. 6,171,758 B1;

(c) Preliminarily and permanently enjoin MacDermid Printing Solutions and its officers, agents, employees and all others acting in concert or participation with it from further acts of infringement of United States Patent No. 6,171,758 B1;

(d) Declare that MacDermid Printing Solutions' manufacture, use, offers to sell and/or sale of flexographic printing elements (including products marketed under the names Magma and MLT) as complained of in Count II constitutes active inducement of infringement of United States Patent No. 6,773,859 B2;

(e) Preliminarily and permanently enjoin MacDermid Printing Solutions and its officers, agents, employees and all others acting in concert or participation with it from further acts of infringement of United States Patent No. 6,773,859 B2;

(f) Provide for an accounting of profits or damages to be assessed by or under the Court's direction, and award Plaintiff DuPont the damages it has incurred by reason of the

acts of infringement of United States Patent No. 6,171,758 B1 and United States Patent No. 6,773,859 B2 by MacDermid Printing Solutions together with pre- and post-judgment interest as allowed by law;

   (g) Award Plaintiff DuPont three (3) times the damages it has incurred by reason of the willful and deliberate nature of the acts of infringement by MacDermid Printing Solutions pursuant to 35 U.S.C. § 284;

   (h) Award Plaintiff DuPont its costs and expenses of this action as allowed by law, together with its reasonable attorneys' fees for bringing and prosecuting this action pursuant to 35 U.S.C. § 285; and

   (i) Award Plaintiff DuPont special and exemplary damages suffered as a result of injury to its reputation by virtue of MacDermid's defamatory statements;

   (j) Permanently enjoin MacDermid from making further defamatory statements about DuPont;

   (k) Require MacDermid to retract its defamatory statements to DuPont customers, along with a written apology to those customers to whom the statements were made;

   (l) Award Plaintiff DuPont such other and further relief that the Court may deem just and proper.

## Jury Demand

Plaintiff DuPont hereby requests a jury trial on all the issues that are properly triable to a jury in this action.

Dated: Newark, New Jersey
February 6, 2007

*Richard D. Catenacci* (signature)
Richard D. Catenacci
Tricia Bevelock O'Reilly
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 535-0500
Fax: (973) 535-9217

Attorneys for Plaintiff
E.I. DU PONT DE NEMOURS AND COMPANY

OF COUNSEL:

John T. Gallagher
MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, New York 10281-2101
Tel: (212) 415-8700
Fax: (212) 415-8701

Lindley J. Brenza
John S. Phillips
BARTLIT BECK HERMAN
 PALENCHAR & SCOTT L.L.P.
1899 Wynkoop Street - 8th Floor
Denver, Colorado 80202
Tel: (303) 592-3100
Fax: (303) 592-3140