**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

E.I. DU PONT DE NEMOURS & COMPANY, : CIVIL ACTION NO. 06-3383 (MLC)

Plaintiff, :

v. : **MEMORANDUM OPINION**

MACDERMID, INC., et al., :

Defendants. :

**PLAINTIFF**, E.I. du Pont de Nemours & Company ("DuPont"), having commenced this action on April 28, 2006, against defendants, MacDermid, Inc. and MacDermid Printing Solutions, L.L.C. ("MacDermid") in the United States District Court for the District of Colorado, see D. Co. Civ. Action No. 06-816, dkt. entry no. 1, Compl.; and DuPont alleging, inter alia, that the defendants have (1) manufactured and sold flexographic printing elements that directly infringe one or more claims of DuPont's United States Patent No. 6,171,758 B1 ("'758 patent"), (2) encouraged others to directly infringe one or more claims of DuPont's '758 patent, (3) manufactured and sold flexographic printing elements to be used, treated, processed, or developed in a manner that directly infringe one or more claims of DuPont's United States Patent No. 6,773,859 B2 ("'859 patent"), and (4) encouraged others to directly infringe one or more claims of DuPont's '859 patent, id. at ¶¶ 6-9, 14-17; and the United States District Court for the District of Colorado having granted the

parties' joint motion to transfer the action here, id., dkt. entry no. 30, 7-17-06 Ord.; and Dupont having voluntarily dismissed without prejudice all claims against MacDermid, Inc. pursuant to Federal Rule of Civil Procedure 41(a)(1) on August 7, 2006 (dkt. entry no. 5, Not. of Voluntary Dismissal); and

**DUPONT** having amended the complaint on February 7, 2007 to add a libel claim against MacDermid, which alleged that MacDermid wrote letters to DuPont's customers falsely claiming that DuPont made "threatening communications" to customers who were considering switching to MacDermid's infringing technology (dkt. entry no. 71, Am. Compl., at ¶¶ 21-22); and MacDermid having filed an answer to DuPont's amended complaint and asserted counterclaims against DuPont seeking, inter alia, (1) a judgment declaring that it does not infringe the '758 patent or the '859 patent (count I and count II), (2) a judgment declaring that the '758 patent and '859 patent are invalid (count III and count IV), (3) a judgment declaring that the '859 patent is unenforceable because either DuPont or its inventors engaged in fraud or inequitable conduct during its prosecution (count V), (4) judgment in its favor because "DuPont has used and continues to use the '859 patent and the '758 patent to violate 15 U.S.C. § 2 of the Sherman Anti-Trust Act by illegally attempting to monopolize the market for photopolymers for digitally laser imaged flexographic printing plates in the United States" (count

VI), and (5) judgment in its favor because DuPont has violated 15 U.S.C. § 2 of the Sherman Anti-Trust Act by engaging in "an intentional pattern and practice of claiming, as part of its [patented] invention, photopolymer plates while at the same time failing to disclose the composition of those photopolymer plates" (count VII) (dkt. entry no. 73, 2d Am. Ans., Aff. Defenses, & Counterclaims, at 14-31); and

**DUPONT** having moved to preliminarily enjoin MacDermid from directly infringing its '859 patent (dkt. entry no. 31); and the Court having held oral argument on the motion for a preliminary injunction on February 16, 2007 (dkt. entry no. 76); and the Court, after issuing its preliminary findings and conclusions in a memorandum opinion, having denied the motion for a preliminary injunction ("8-13-07 Memorandum Opinion & Order") (dkt. entry no. 115, 8-13-07 Ord., see dkt. entry no. 114, 8-13-07 Mem. Op.); and DuPont having appealed from the 8-13-07 Memorandum Opinion & Order to the United States Circuit Court for the Federal Circuit (dkt. entry no. 119, 9-10-07 Not. of Appeal); and the Court thus having (1) stayed this action pending appeal in the Federal Circuit, and (2) administratively terminated this action "with leave to the parties to seek ancillary relief, move to reopen, or obtain a final determination when appropriate" (dkt. entry no. 121, 9-13-07 Ord.); and it appearing that the Federal Circuit has set oral argument on the appeal for April 9, 2008, see Fed. Cir. No. 2007-1568, dkt. entry no. 29; and

**MACDERMID** moving to reopen this action and vacate the stay (dkt. entry no. 125); and MacDermid arguing, in support of the motion, that, inter alia, (1) an appeal from an order granting or denying a motion for a preliminary injunction does not divest a district court of jurisdiction to proceed on the merits of the underlying action, (2) "precedent clearly indicates that this Court is strongly encouraged to proceed to the merits of this case during the appeal", particularly because the only issue on appeal is whether the Court's denial of DuPont's motion for a preliminary injunction was an abuse of discretion, (3) it is unlikely that DuPont will prevail on appeal, at most the Federal Circuit will remand the case for further proceedings in this Court, (4) it will be severely prejudiced by the stay "through loss of customers and through financial losses incurred simply by the passage of time", (5) DuPont has used every opportunity to delay this Court from ruling on the merits in this action "so that it can wield this lawsuit to garner sales and prohibit competition", and (6) balancing the equities favors vacating the stay here (dkt. entry no. 125-2, MacDermid Br., at 4-8); and

**DUPONT** arguing in opposition to the motion to reopen and vacate the stay that, inter alia, (1) "[b]efore the Court can even begin to evaluate MacDermid's validity and enforceability allegations, or address the claim construction issues advanced by MacDermid, the actual and legal priority date of DuPont's '859

patent must be determined", (2) the Federal Circuit's resolution of DuPont's appeal of the 8-13-07 Memorandum Opinion & Order will both assist this Court in construing the '859 patent's claims and set forth "the appropriate temporal guidepost" for this Court to use in evaluating MacDermid's validity and enforceability arguments, (3) MacDermid will not be prejudiced or disadvantaged by the stay, (4) continuing the stay pending the appeal will conserve judicial resources, simplify the issues for trial, and facilitate the ultimate resolution of this action, and (5) continuing the stay will not prejudice either party with respect to the timing of this action because substantive fact discovery remains, expert discovery has not been scheduled, and no trial date has been set (dkt. entry no. 130, DuPont Br., at 3-11); and

**THE COURT** being authorized to control the docket by issuing a stay, see Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (stating "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"), Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (noting district court exercised inherent power to control docket); and the Court determining that the interests of the parties and the Court will be served best if DuPont's appeal from the 8-13-07 Memorandum Opinion & Order is resolved before the Court conducts any further proceedings in

this action because, among other reasons, (1) in addressing DuPont's appeal the Federal Circuit will likely determine whether the '859 patent can claim priority to a provisional patent application filed on March 6, 2001, a determination that will affect this Court's analysis of MacDermid's various invalidity and enforceability arguments, (2) in addressing DuPont's appeal the Federal Circuit may adopt, reject, or discuss this Court's preliminary claim construction rulings, (3) the Court does not believe that MacDermid will be prejudiced by the stay because discovery is ongoing and the parties are not prepared to proceed to trial on the merits at this time, and (4) the appeal is not an attempt by DuPont to unnecessarily delay this action; and the Court finding that judicial economy will be best served by continuing the stay in this action;[1] and

---

[1] MacDermid separately moves for an order clarifying our August 13, 2007 memorandum opinion. (Dkt. entry no. 126) MacDermid notes that in the memorandum opinion, we stated that "[i]n light of the Court's holding with respect to MacDermid's arguments under Section 102(b), the Court will not address MacDermid's remaining invalidity and unenforceability arguments at this time." (Dkt. entry no. 114, 8-13-07 Mem. Op., at 56.) Thus, MacDermid "respectfully requests that the Court clarify its decision and address MacDermid's remaining invalidity and unenforceability arguments [because] [t]he record before this Court strongly supports additional grounds to deny DuPont's Motion for Preliminary Injunction." (Dkt. entry no. 126, MacDermid Br. in Support of Mot. for Clarification, at 3.) However, in addressing DuPont's appeal the Federal Circuit may discuss the appropriate priority date for the '859 patent and the proper construction of the '859 patent's claims, and thus, disposition of the appeal may affect the Court's analysis of MacDermid's remaining invalidity and enforceability arguments. Therefore, the Court will also deny MacDermid's separate motion to clarify.

**THE COURT** thus intending to deny MacDermid's motion to reopen and vacate the stay; and for good cause appearing, the Court will issue an appropriate order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: March 20, 2008