**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS & COMPANY, | : : : : | CIVIL ACTION NO. 06-3383 (MLC) |
| Plaintiff, | : : | **O R D E R** |
| v. | : : : | |
| MACDERMID PRINTING SOLUTIONS, L.L.C., | : : : | |
| Defendant. | : : | |

**DEFENDANT**, MacDermid Printing Solutions, L.L.C. ("MacDermid"), pursuant to Federal Rule of Civil Procedure ("Rule") 72 and Local Civil Rule 72.1(c)(1)), appealing from the August 4, 2011 Order of the Magistrate Judge ("8-4-11 Order") (dkt. entry no. 384, 8-4-11 Order; dkt. entry no. 389, Def. Br.)[1]; and the 8-4-11 Order denying MacDermid's request for <u>in camera</u> review of certain documents subject to attorney-client privilege claims by Plaintiff, E.I. du Pont de Nemours & Company ("DuPont"), to determine whether the crime-fraud exception to the attorney-client privilege applies; and DuPont opposing the appeal (dkt. entry no. 398, Pl. Opp.); and the Court deciding the appeal on the papers, pursuant to Local Civil Rule 78.1(b); and

---

[1] MacDermid's Brief in support of the appeal appears on the docket twice. (<u>See</u> dkt entry. nos. 389, 392.)  The version appearing at docket entry number 389 was published as redacted. The version appearing at docket entry number 392 was published without redactions, under seal.

**IT APPEARING** that a discovery ruling is not dispositive, and thus, may be entered by a magistrate judge, see 28 U.S.C. § 636(b)(1)(A); and it appearing that, pursuant to Rule 72 and Local Civil Rule 72(a), a party may appeal a magistrate judge's order to the Court, see, e.g., Fed.R.Civ.P. 72; and it appearing that the Court, in reviewing a magistrate judge's disposition of a non-dispositive matter, may modify, vacate, or reverse the order only if it was "clearly erroneous or contrary to law," Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1113 (3d Cir. 1986); Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002); but it also appearing that a magistrate judge's "determination in a discovery dispute is entitled to great deference and reversible only for an abuse of discretion[,]" Richards v. Johnson & Johnson, Inc., No. 05-3663, 2008 WL 544663, at *2 (D.N.J. Feb. 26, 2008) (citation omitted); and

**IT FURTHER APPEARING** that the Court, "[b]efore engaging in in camera review to determine the applicability of the crime-fraud exception," "should require a showing of a factual basis adequate to support a good faith belief by a reasonable person . . . that in camera review of the materials may reveal evidence to establish the claim that the crime fraud exception applies[,]" U.S. v. Zolin, 491 U.S. 554, 572 (1989) (internal quotation marks and citation omitted); and it appearing that the party opposing privilege thus bears the burden of producing a factual basis to

support such a good faith belief, id.; and the Court observing that the Magistrate Judge considered the parties' arguments and thoroughly examined the record, and determined that MacDermid failed to make such a showing (dkt. entry no. 384, Letter Opinion & Order, 4-20); and

**IT FURTHER APPEARING** that "[o]nce such a showing is made, the decision whether to engage in in camera reviews rests in the sound discretion of the district court[,]" Zolin, 491 U.S. at 572; and that, in making such decision, the Court should consider "the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply[,]" id.; and the Court observing that the Magistrate Judge stated that "even if [the Magistrate Judge] had reached a different conclusion and determined that MacDermid had established" an adequate factual basis to support its request for in camera review, the Magistrate Judge "would nevertheless, under the circumstances of this case, exercise its discretion to decline the requested in camera review[,]" (Letter Opinion & Order at 20-21); and

**THE COURT FURTHER OBSERVING** that the Magistrate Judge, in exercising such discretion, considered the volume of the materials at issue and the likelihood that review of such materials would establish that the crime-fraud exception applies in this action (id.); and the Court observing that the Magistrate Judge noted that the materials at issue included "hundreds if not thousands of pages of information" that were unlikely to establish the applicability of the crime-fraud exception (id. at 21);[2] and

**THE COURT DETERMINING** that, inasmuch as the Magistrate Judge discussed "whether DuPont in fact committed a fraud on the USPTO" (see Def. Br. at 40), such discussion was limited to the issues before the Magistrate Judge; and the Court further determining that because the Magistrate Judge's discussion was limited to such issues, no need exists to remove the Magistrate Judge's discussion from the Letter Opinion & Order; and accordingly, for good cause appearing:

---

[2] The Magistrate Judge noted that MacDermid initially asked the Court to examine 250 documents and that these 250 documents consisted of "hundreds if not thousands" of pages.  The Magistrate Judge also "hesitate[d] to guess how many [more] thousands of pages of documents would be subject to its review if it also examined the 10 categories of documents set forth by MacDermid in its December 6, 2010 Supplemental Letter Brief[,]" which were not included in its original request for in camera review.  (Id. at 1, 21.)

4

**IT IS THEREFORE** on this    18th    day of October, 2011 **ORDERED** that the Magistrate Judge's Order, entered on August 4, 2011 (dkt. entry no. 384), from which the defendant, MacDermid Printing Solutions, L.L.C. appeals (dkt. entry no. 389), is **AFFIRMED**; and

**IT IS FURTHER ORDERED** that the appeal (dkt. entry no. 389) should be marked as **TERMINATED**.

                                       s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge